HARWOOD ADS. SMETHURST.

1. Service of a notice of trial at the office of the attorney, who was absent in Europe, and on the plaintiff also, held good.
2. The defendant noticed for trial an action of replevin; the plaintiff not appearing, a verdict was taken for defendant. *Held* irregular, and verdict set aside. A nonsuit should have been entered, and the damages then assessed.
3. An *ex parte* affidavit allowed to be read on the motion to set aside verdict.

Argued before Justices HAINES and ELMER.

This is the action of replevin, reported 5 *Dutcher* 195, the defendant having noticed the case for trial, and taken a verdict, in the absence of the plaintiff, at the December Cape May Circuit.

*A. Browning*, for plaintiff, moved to set the verdict aside as irregular, and insisted that the defendant ought to prove the notice of trial now. He referred to 1 *Halst.* 151; *Nix. Dig.* 624, § 4; 2 *Arch. Prac.* 72; 1 *Wilson* 300; 2 *Saund.* 336, b.; 1 *B. & C.* 110; *Barnes* 458.

*F. Kingman*, for defendant, referred to 3 *Harr.* 297.

He asked to have the *postea* amended by entering a nonsuit and entering an assessment of the damages, as was done in the cases cited on the other side.

The judge before whom the case was tried reported that *Mr. Woodhull* informed the court that the plaintiff was not present, and no counsel appeared for him. The defendant's attorney then produced an affidavit that he had served a notice of trial in due time, by leaving the same at the office of plaintiff's attorney, in Camden, with a gentleman in charge named Gilbert, the attorney being absent out of the state. He also stated that when he asked Mr. Gilbert if that was Mr. Dudley's office, he answered it was; but when he handed him the notice of trial, he declined receiving it, saying he had no authority to do so. It was a fact of general notoriety that Mr. Dudley, who stood on the record as plaintiff's attorney, had been absent more than a year, and held the office of United States consul at Liverpool, England. The notice was also served in due time on the plaintiff in person, and on Mr. Browning, who had acted as plaintiff's counsel, and had the case in charge. The court then decided that the notice of trial had been properly served, and ordered on the trial. *Mr. Woodhull* then produced an affidavit of Mr. Browning, setting forth his inability to attend the circuit, in consequence of the effect of an accident, whereby his limb had been broken, and praying an adjournment. Mr. Kingman, stating that he proposed to take a verdict for nominal damages, the court allowed him to proceed subject to the opinion of the court at bar. The court also expressed a doubt whether the true course was not to enter a nonsuit, the plaintiff not being in court, but Mr. Kingman insisted upon taking a verdict. The issue to be tried being on the plea of *non cepit*, and there being no proof of a taking, the jury was directed to find a verdict for defendant, and to assess his damages at six cents, with six cents costs.

Harwood ads. Smethurst.

The opinion of the court was delivered by

ELMER, J.   We think there is no necessity for the defendant to prove his notice of trial here, that having been done to the satisfaction of the court at the circuit.   The regularity of the notice may however be reviewed here, as other decisions at the circuit are reviewed, upon the application of the party who complains.   This, we suppose, is the meaning of the case of *Boqua* v. *Ware*, 1 *Halst.* 151.

The decision of the judge, as to the sufficiency of the notice, we think was correct.   It is held in England that, if the attorney's place of abode be unknown, the notice may be served on the party.   *Tidd's Pr.* 753.   In this case the attorney on the record, although absent in the fulfilment of a public duty, kept his office in this state open, and we have no evidence that he had " ceased to act," within the meaning of the statute. *Nix. Dig.* 624, § 4.*   It would be unjust to him so to hold upon the mere ground of his absence.   Had he chosen in fact to withdraw from the case, the plaintiff could have substituted another attorney; but having neglected to do this, we do not think he should be permitted to object to a notice, of which he was in due time fully apprized.

The verdict is clearly irregular.   There cannot be a judgment, as in case of a nonsuit under the statute, for not going to trial, because in replevin the defendant may notice the cause himself; *Broderick* ads. *Ames*, 3 *Harr.* 297; but all the cases and books of practice show that, if the plaintiff does not appear, in cases not within the statute, *Nix. Dig.* 694, § 13, the regular course is to enter a nonsuit, and then proceed to assess the damages, by means of the jury in the box or by a writ of inquiry, in pursuance of the statute.   *Nix. Dig.* 274, § 12,†　in substance the same as 21 *Hen.* 8, c. 19; *Harcourt* v. *Weekes*, 5 *Mod.* 77.   Whether the damages thus assessed may be actual damages, as compensation for trouble and expense, we are not called on to decide.   See *Salk.* 95.

The mode of proceeding, however, is so purely formal

---

* *Rev.*, p. 849, § 6.   † *Rev.*, p. 975, § 27, amended.

Council of Jersey City v. Chase.

that we should not hesitate to follow the precedents referred to, by refusing to set the verdict aside, unless the plaintiff would consent to a nonsuit being entered, did it not appear, as well from what took place at the circuit as from the plaintiff's affidavit, now produced, that but for the indisposition of his counsel, he had intended in good faith to produce evidence on the trial he is advised was material for his defence. The objections made to reading this affidavit we do not think well taken. This is, we think, like motions for a rule to show cause or for a nonsuit, one of those matters of course, excepted from the operation of *Rule* 58.

The verdict must be set aside as irregular, the costs of the circuit to abide the event.